TIMOTHY GENS
774 Mays Blvd Suite 10-506
Incline Village, NV 89451
(877) 448-1800
Fax (877) 448-1801
thgens@ix.netcom.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>Plaintiff,<br><br>v.<br><br>VELLO CORPORATION, CALLVINE, INC.,  and RUDY PRINCE, inclusive,<br><br>Defendants. | CASE NO.  5:10-CV-03220-PVT<br><br>**NOTICE OF AND MOTION TO REMAND, FOR FEES AND COSTS UNDER 28 USC §1447(c ), AND FOR SANCTIONS UNDER RULE 11** |

**I. NOTICE**

Please take notice that on Tuesday September 28, 2010 at 10 A.M. or as soon thereafter as may be heard, Plaintiff will move the Court at San Jose, California, for an order remanding the above-entitled cause from the United District Court for the Northern District of California to the Superior Court of the State of California County of Santa Clara, from which it was removed on July , 2010, pursuant to the filing of defendants' Notice of Removal with this Court.  Plaintiff further moves for an award of costs and fees which were incurred in connection with the removal of the action to this Court.  Plaintiff also moves for sanctions under Rule 11 for sanctions against Defendant Mr. Prince and Defendants' co-counsel GCA Law Partners and Dwyer Murphy Calvert LLP.

1  **II. STATEMENT OF PURPOSE**

2       Plaintiff moves the Court for an order remanding the above-entitled cause from the United

3  District Court for the Northern District of California to the Superior Court of the State of

4  California County of Santa Clara, from which it was improperly and improvidently removed on

5  March 10, 2005, pursuant to the filing of defendants' Notice of Removal with this Court.

6       Plaintiff further moves for an award of costs and fees which were incurred in connection

7  with the removal of the action to this Court.  Because the Removal was so clearly improper, the

8  Court should exercise its discretion to award this sum to the Plaintiff as part of its remand order.

9  Plaintiff seeks the Court's permission to present evidence of those costs and fees once the briefing

10  schedule is complete or at the hearing on this motion.

11       Plaintiff also moves for sanctions under Rule 11 for sanctions against Defendant Mr.

12  Prince and Defendants' co-counsel GCA Law Partners and Dwyer Murphy Calvert LLP.   The

13  purpose of the removal was solely for the purposes of delay.  The removal was filed only after

14  Plaintiff had filed document requests on Defendants and a third party, notices of the depositions

15  of the Callvine Directors, and the day before a properly noticed hearing on Plaintiff's application

16  for a writ of attachment against Defendant Callvine.

17       There are two instances of conduct that make the removal frivolous and are worthy of

18  sanctions.  First, GCA Law Partners LLP and co-counsel Dwyer Murphy Calvert LLP, know that

19  Vello Corporation has its principal place of business in California and as such, is a resident

20  Defendant of California.  The Dwyer firm represented Callvine during the acquisition which is

21  the basis for the debt owed to Plaintiff.  Defendants' counsel also knew that the supermajority

22  shareholder of Vello, The Whalen Family Trust, also has its principal place of business in

23  California and that the documents for the acquisition were signed in California.  Yet, these firms

24  filed the removal without investigating to learn that Vello had been served prior to the removal,

25  which prohibits the removal of the resident Defendant.  Second, Defendants' counsel also failed

26  to investigate whether Vello consented to the removal action.  Instead, the removal is supported

27  by the declaration of co-Defendant  Mr. Prince which contains the blatantly false statement that

28  Vello consents to the removal action.

- 2 -

1    Defendants' counsel has made no attempt to mitigate these errors even after they were

2    identified in writing.  Before filing this motion for sanctions, Plaintiff provided to Defendants'

3    counsel in writing the above-basis for this motion to remand and the offer to forego the filing of

4    this motion should Defendants' stipulate to a remand or otherwise correct the errors identified.

5    Defendants' counsel refused to do so.

6    Plaintiff is entitled to remand of this action because, as is more fully explained in the

7    supporting Memorandum of Points and Authorities, the supporting Declaration of Timothy Gens,

8    and the supporting Declaration of Michael Bush (President of Vello), there were at least two

9    grounds in support of the motion to remand:

10   A.  This action was improperly removed in that the Notice of Removal was premised on

11       complete diversity of citizenship between the Plaintiff and Defendants.  Plaintiff was

12       and is a citizen of the State of California.  Defendant was and is a corporation

13       organized and operating under the laws of Delaware, but with its principal place of

14       business in the State of California.  Defendant claims in its Notice of Removal that its

15       principal place of business is in Phoenix, Arizona.  The action was commenced in the

16       courts of the State of California, and defendant was served in California, precisely

17       because this defendant is a citizen of California.  Therefore, under the provisions of 28

18       U.S.C. §1446(b) removal based on diversity was improper.  Diversity is proper only if

19       none of the parties in interest properly joined as defendants is a citizen of the State in

20       which the action is brought.

21   B.  This action was improperly removed in that the diversity of citizenship between the

22       plaintiff and all the "Doe" defendants is not complete.  Defendant's filing of the

23       Notice to Remove is a sham to prevent the addition of Does that are citizens of

24       California and would defeat jurisdictional diversity.

25   C.  The defendant waived its right to remove by contesting the state court action and filing

26       a general demurrer that was heard by the state court and an order entered prior to the

27       filing of the Notice to Remove.

28   This Motion to Remand is timely because it is made within 30 days after the filing of the

- 3 -

1  notice of Removal in the District Court and in accordance with FRCP 6(a).

2          The motion is based on this document Notice Of and Motion to Remand, the Certificate of

3  Service, the Supporting Declaration of Timothy Gens, the supporting Declaration of Michael

4  Bush, the Supporting memorandum Of Points Of Authorities, all of the papers and records on file

5  in this action and on whatever argument and evidence the parties may offer at the hearing of this

6  motion.

7

8  Dated: August 19, 2010

9  _____

10                          Timothy Gens
                            Plaintiff

11

12  CERTIFICATE AND PROOF OF SERVICE BY E-FILING AND MAIL
    I am a citizen of the United States and reside in Santa Clara County, California.  I am over the age of
13  eighteen years and not a party to the within entitled action.  On August 19, 2010 I caused the following
    document(s;
14  **NOTICE OF AND MOTION TO REMAND, FOR FEES AND COSTS UNDER 28 USC
    §1447(c ), AND FOR SANCTIONS UNDER RULE 11**
15  To be electronically filed through ECF in the Northern District of California and to be placed in a sealed
    envelope, addressed to James L. Jacobs, GCA Law Partners LLP, 1891 Landings Drive, Mountain View,
16  CA 94043  with postage thereon fully prepaid to be deposited with the United States first class mail at Los
    Altos, CA that same day.  I declare under penalty of perjury under the laws of the State of California that
17  the above is true and correct. Executed at Palo Alto, CA on August 19, 2010.

18

19  _____      _____

20  _____

21                          Laura Gens

22

23

24

25

26

27

28

- 4 -